# In the United States Court of Federal Claims

No. 24-2076
(Filed: January 15, 2025)

```
*****************************
BILLY G. ASEMANI,              *
                               *
                Plaintiff,     *
                               *
        v.                     *
                               *
THE UNITED STATES,             *
                               *
                Defendant.     *
*****************************
```

## ORDER DIRECTING PAYMENT OF FILING FEE

On December 16, 2024, Billy G. Asemani—who is incarcerated in Maryland—filed a *pro se* complaint alleging a violation of his rights under the Equal Protection Clause of the Constitution. [ECF 1] at 1, 3, 8. Specifically, he alleges that a federal special master misinterpreted and misapplied statutory language, thereby creating a barrier to receiving certain compensation. *Id.* at 10-12. He requests that the Court docket his complaint so that the government can respond thereto and that the Court permit him to proceed *in forma pauperis*. *Id.* at 1, 15.

Mr. Asemani has an extensive litigation history in the United States District Courts, including cases in the District of Idaho, the Central and Northern Districts of Illinois, the District of Maryland, the Northern District of Texas, the Central, Eastern, Northern, and Southern Districts of California, the District of the District of Columbia, the Southern District of Florida, the District of Hawaii, the Northern and Southern Districts of Indiana, the Southern District of Mississippi, the District of New Jersey, the Southern and Eastern Districts of New York, the Southern District of Ohio, the Eastern and Middle Districts of Pennsylvania, the District of Minnesota, and the Eastern District of Virginia. He also has two pending matters in Maryland. Further, he has previously filed at least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim. *See, e.g.*, *Asemani v. Wexford Health Sources, Inc.*, 2016 WL 6462065, at *2 (D. Md. Oct. 31, 2016) ("Complaint will be dismissed without prejudice for failure to state a cognizable constitutional claim"); *Asemani v. Hershberger*, 2012 WL 869006, at **2-3 (D. Md. Mar. 13, 2012) ("Complaint will be dismissed for failure to state a claim"); *Asemani v. Maynard*, 2011 WL 1325219, at *2 (D. Md. Apr. 6, 2011) ("complaint . . . fails to state a cognizable federal claim"); *Asemani v. Napolitano*, 2010 WL 8813521, at *2 (D. Md. May 4, 2010) ("The Court finds the Complaint to be frivolous."); *Asemani v. Fisher*, 2008 WL 7556395, at *1 (D. Md. Dec. 15, 2008) ("complaint . . . does not amount to a federally cognizable claim"); *Asemani v. Iran*, 2007 WL 9658003, at *2 (E.D. Va. Aug. 3, 2007) ("complaint will be dismissed . . . as malicious").

Under 28 U.S.C. § 1915(g), a prisoner may not "bring a civil action or appeal a judgment in a civil action or proceeding [*in forma pauperis*] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." Mr. Asemani has previously filed at least three complaints that were dismissed as frivolous, malicious, or for failure to state a claim. Additionally, to meet the exception, Mr. Asemani's complaint must "allege[] facts from which a court, informed by its judicial experience and common sense, could draw the reasonable inference that [he] was under an existing danger at the time he filed his complaint," *Fourstar v. United States*, 950 F.3d 856, 859 (Fed. Cir. 2020) (first alteration added) (internal quotation marks omitted), and his "complaint [must] seek to redress an imminent danger of serious physical injury [] that . . . [is] fairly traceable to a violation of law alleged in the complaint," *id.* (alterations added) (internal quotation marks omitted). Mr. Asemani has not made such a showing. Accordingly, he may not proceed *in forma pauperis* and, instead, must pay the $405 filing fee to proceed with this action.

If Mr. Asemani wishes to proceed with this action, he **SHALL PAY** the $405 filing fee by **March 14, 2025**. If payment is not received by this date, his complaint will be dismissed for failure to prosecute under Rule 41(b) of the Rules of the United States Court of Federal Claims ("RCFC").

Separately, on January 3, 2025, Mr. Asemani filed a document requesting a copy of the application to proceed *in forma pauperis*. The Clerk of Court did not file this document because no rule in the RCFC or court order provided for this filing. Despite this deficiency, the Court orders that this document **SHALL BE FILED BY LEAVE OF THE JUDGE** and **SHALL BE TITLED** "Motion for IFP Application." However, because Mr. Asemani must pay the filing fee to proceed with this action, the Court **DENIES** the "Motion for IFP Application."

**IT IS SO ORDERED.**

s/ Thompson M. Dietz  
THOMPSON M. DIETZ, Judge